(87 Misc. Rep. 327)

### FEINMAN v. UNITED STATES GRAND LODGE ORDER BRITH ABRAHAM.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. INSURANCE (§ 819*)—BENEFICIARY—NONRESIDENT—WEIGHT OF EVIDENCE— PRIMA FACIE CASE.

Plaintiff sued as sole surviving parent of F., a deceased member of defendant lodge, to recover a death benefit. Plaintiff resided in Odessa, Russia, and decedent at the time of his death was a beneficiary member of defendant society, and according to its by-laws his beneficiary was entitled to a death benefit of $500. Defendant's constitution and by-laws provided that in case of the death of a male member, if there was no designated beneficiary, the sum due should be payable to the decedent's widow, and if there was no widow and no children then to his parents. *Held*, that evidence of three witnesses that plaintiff was living and resided in Odessa, and statements made by decedent's niece and nephew that they knew plaintiff in Russia and had only recently received letters from her, and of another witness that he had been in the United States less than two years, that he came from Odessa, and before he sailed he saw plaintiff, was sufficient to establish a prima facie case that plaintiff was alive and as to her identity.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 2006, 2007; Dec. Dig. § 819.*]

2. INSURANCE (§ 817*)—CONDITIONS OF POLICY—PERFORMANCE—BURDEN OF PROOF.

An allegation in the complaint in an action on a policy that all conditions have been fulfilled by insured, though denied by the answer, did not place on plaintiff the burden of proving that each particular condition or agreement had been fulfilled.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1999–2002; Dec. Dig. § 817.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Dinza Avrumovna Feinman against the United States Grand Lodge Order Brith Abraham. From a Municipal Court judgment dismissing plaintiff's complaint, she appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Meyer London, of New York City, for appellant.

Goldfogle, Cohn & Dorf, of New York City (Irving S. Dorf, of New York City, of counsel), for respondent.

COHALAN, J. The action was brought by the plaintiff, as the sole surviving parent of one Aaron Feinman, a deceased member of the defendant lodge, to recover the sum of $500 as a death benefit.

The plaintiff at the time of the trial resided in Odessa, Russia. The decedent at the time of his death was a "beneficiary" member in good standing in the fraternal order, and according to its rules and by-laws his beneficiary upon his death was entitled to the sum of $500. The constitution and by-laws of the lodge provide that in case of death of a male member, if there be no designated beneficiary, the sum due should be payable to the widow of the deceased member, and if there

be no widow and no children then to the parents of the deceased. The answer was a denial of the allegations of the complaint. After the plaintiff had put in her evidence, the defendant rested, without offering any testimony, and moved for judgment. The court thereupon dismissed the plaintiff's complaint without prejudice.

[1] It is our view that this was error, as the plaintiff made out a prima facie case. Testimony was offered by three witnesses that the plaintiff was now living and was residing in the city of Odessa. The substance of the testimony upon which the plaintiff relies for recovery consists in statements made by the niece and nephew of the decedent. They knew the plaintiff in Russia, and have only recently received letters from her. One Louis Sapolin testified that he had been in this country less than two years, and came from Odessa, and that before he sailed therefrom he saw the plaintiff. It was attempted to put in evidence a power of attorney running to the niece of the deceased, which was properly excluded, because of the fact that it was improperly executed. However, independent of this power of attorney, there was evidence in the case sufficient to establish a prima facie case.

[2] In actions upon policies of insurance it is essential to show the death of the insured and the failure to pay as provided. The allegation that all of the conditions were fulfilled by the insured, though proper in a complaint, even when denied by the answer, does not place upon the plaintiff the burden of proving that each particular condition or agreement was fulfilled. Elmer v. Mutual Benefit Life Association of America, 19 N. Y. Supp. 289;[1] Ellis v. National Provident Union, 50 App. Div. 255, 63 N. Y. Supp. 1012. The fact that the plaintiff was alive and that letters had been received from her a short time before the trial of the action furnish a legal presumption of continuance of life, and that identity of name is presumptive evidence of identity of person. Hatcher v. Rocheleau, 18 N. Y. 86; Mahaney v. Mutual Reserve Association, 69 Hun, 12, 23 N. Y. Supp. 213.

The judgment appealed from is reversed, and a new trial is ordered, with costs to the appellant to abide the event. All concur.